**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CENTURY MARTIAL ART SUPPLY, L.L.C., an Oklahoma limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-17-861-M |
| BEST SMS INC., a California corporation, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Before the Court is Defendant Best SMS Inc.'s Motion to Dismiss, filed November 13, 2017. Plaintiff Century Martial Art Supply, L.L.C. filed its response January 16, 2018. Defendant filed its redacted reply January 30, 2018. Based on the parties' submissions, the Court makes its determination.

**I.     Introduction**

Plaintiff is an Oklahoma limited liability company with its principal place of business in Oklahoma. Plaintiff markets and sells martial arts supplies including karate uniforms. Defendant is a California company that markets and sells karate uniforms and other martial arts goods in direct competition with plaintiff and sells karate uniforms to plaintiff. Plaintiff alleges defendant is falsely advertising its karate uniforms contain more fabric content than plaintiff's uniforms do, thereby undercutting plaintiff's sales and luring plaintiff's customers away. Plaintiff seeks damages for violation of the Oklahoma Deceptive Trade Practices Act, tortious interference with existing/prospective business relationships, unfair competition, and unjust enrichment. Defendant contends this Court lacks personal jurisdiction over it.

**II.** **The Law on Jurisdiction**

When a court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion." *Id*. at 1056-57.

> Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state. The test for exercising long-arm jurisdiction in Oklahoma is to determine first whether the exercise of jurisdiction is authorized by statute and, if so, whether such exercise of jurisdiction is consistent with constitutional requirements of due process. (citations omitted). Because the Oklahoma long-arm statute extends jurisdiction to the maximum extent permitted by due process, "this two-part inquiry collapses into a single due process analysis. Accordingly, a court "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State. The minimum-contacts test may be met by establishing either general or specific jurisdiction. If the minimum-contacts test is met, the Court must determine if the exercise of personal jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice," or, instead, is "reasonable."
>
> The burden to establish personal jurisdiction is on the plaintiff. Because the parties have engaged in jurisdictional discovery but there has been no evidentiary hearing, Plaintiffs need only make a *prima facie* showing of personal jurisdiction. The Court takes as true all well-pled that is, plausible, non-conclusory, and non-speculative ... facts alleged in plaintiffs' complaint. All factual disputes are resolved in Plaintiffs' favor.

*Aclin v. PD-RX Pharm. Inc.,* 189 F. Supp. 3d 1294, 1299-1300 (W.D. Okla. 2016) (citations and internal quotations omitted). Further,

The exercise of specific jurisdiction over a defendant in a tort-based action is proper if (1) "the defendant purposefully directed its activities at residents of the forum state" and (2) "the plaintiff's injury arose from *those* purposefully directed activities." A defendant purposefully directs its activities if it commits an intentional action, "expressly aimed at the forum state," with "knowledge that the brunt of the injury would be felt in the forum state." To determine if an injury arises out of those activities, courts apply either the but-for or the proximate-cause test. Under the but-for test, "any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction." By contrast, the proximate-cause test "is considerably more restrictive and calls for courts to examine whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim." While the Tenth Circuit has not chosen one over the other, both tests require a "true causal element," between defendants' forum contacts and the litigation.

*Id.*

### III.     Discussion

Having carefully reviewed plaintiff's Complaint, as well as the parties' submissions, the Court finds it lacks general personal jurisdiction over defendant. While plaintiff asserts this Court has general personal jurisdiction over defendant, the Court finds plaintiff states no facts to support its position. The United States Supreme Court held that a court cannot exercise general jurisdiction over a corporate entity "in every State in which a corporation engages in substantial, continuous, and systematic course of business … the paradigm forum for the exercise of general jurisdiction over a corporation is one in which the corporation is fairly regarded at home." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 750 (2014) (citations omitted). Defendant is incorporated in the state of California, which is considered its home. The Court finds defendant does not have an affiliation so continuous and systematic in Oklahoma to be at home in Oklahoma. The Court further finds defendant does not have minimum contacts with Oklahoma and having to defend a lawsuit would

"offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In addition, the Court finds that it does not have specific jurisdiction over defendant. Plaintiff alleges 1) defendant operates a website accessible to Oklahoma residents since 2013; 2) Oklahoma residents can purchase karate uniforms through defendant's website and have ordered them since 2013; 3) defendant sold and shipped products to Oklahoma residents every year from 2013 until present; and 4) in 2017, karate uniforms were sold to 26 different Oklahoma customers generating significant gross revenue. Plf. Resp. at 9. However, in *Allen v. IM Sols, LLC*, the court determined that the defendant's alleged tortious conduct, directing pop-up internet advertisements towards Oklahoma residents was not purposefully directed because the conduct was not targeted to Oklahoma or any other particular state but was conduct that was directed at consumers across the country. 83 F. Supp. 3d 1196, 1208 (E.D. Okla. 2015) (quotations omitted).

Having reviewed the parties' submissions, this Court finds defendant's alleged tortious conduct, selling mislabeled karate uniforms, was not targeted to Oklahoma. Defendant, based in California, sells its products to buyers all over the country. Furthermore, plaintiff's claim that it suffered lost sales due to defendant's forum-related activities must fail. Plaintiff alleges it lost sales because of defendant's conduct of mislabeling the karate uniform's cotton content. However, defendant's alleged mislabeling occurred overseas, not in Oklahoma. *See Aclin*, 189 F. Supp. 3d at 1302 (holding there was no specific jurisdiction because there was no connection between plaintiff's injuries and defendants' in-state activities under either but-for or proximate cause test).

Finally, plaintiff requests the opportunity to complete jurisdictional discovery. Plf. Resp. at 15. Plaintiff states it did not receive the defendant's quality and quantity of Oklahoma contacts information from discovery requests issued November 30, 2017. *Id*. at 16.  Plaintiff had ample

time to file a motion to compel. Therefore, plaintiff's request is denied.

## IV. <u>Conclusion</u>

Based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss [docket no. 20] and DISMISSES this case for lack of personal jurisdiction.

**IT IS SO ORDERED this 26th day of June 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE